# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNSON CHRISTINE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FRESNO SPORTS AND EVENTS LLC, et al.,<br><br>    Defendants. | Case No. 1:24-cv-00352-KES-SAB<br><br>ORDER RE NOTICE OF VOLUNTARY DISMISSAL OF PLAINTIFFS' FOURTH CAUSE OF ACTION AGAINST DEFENDANT JONATHAN BRAVO; DENYING CONSTRUED MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT<br><br>(ECF No. 7) |

On June 27, 2024, Plaintiffs filed a notice to dismiss Plaintiffs' negligence cause of action against Defendant Jonathan Bravo without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  (ECF No. 7.)

The Ninth Circuit has held that Federal Rule of Civil Procedure 41(a)(1) cannot be used to dismiss individual claims against defendants, and that Rule 15 is the proper mechanism to do so.  See Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005) ("In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals.  Instead, withdrawals of individual claims against a given defendant are governed by [Rule 15]."); Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 (9th Cir. 1988) (holding a plaintiff cannot use Rule 41 "to dismiss, unilaterally, a single claim from a multi-claim complaint."); but see Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) ("The

Plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice."). Accordingly, Rule 41(a) may not be employed to dismiss fewer than all the claims against a particular defendant. See Ethridge, 861 F.2d at 1392.

Plaintiff provides notice that only the negligence cause of action against Defendant Bravo is to be dismissed. (ECF No. 7.) However, Defendant Bravo appears to remain a named defendant in the remaining causes of action in the complaint. (See ECF No. 1.) Because the instant motion requests dismissal of fewer than all claims asserted against Defendant Bravo, Rule 15—not Rule 41—is the proper mechanism to accomplish the amendment of Plaintiffs' negligence claim against Defendant Bravo.

The Court shall therefore construe Plaintiffs' notice as a motion for leave to file an amended complaint under Rule 15. The Court notes, however, that Plaintiffs have not filed any proof of service of the summons and complaint on any defendant in this action. Plaintiffs have not previously amended the complaint. Because the record shows the complaint has not been served and Plaintiffs have not amended the complaint as a matter of course, the Court shall deny the construed motion for leave to amend as unnecessary under Rule 15(a)(1)(A) ("A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it…").[1]

Accordingly, construing Plaintiffs' notice to dismiss the fourth cause of action for negligence against Defendant Jonathan Bravo without prejudice as a motion for leave to file an amended complaint under Rule 15 of the Federal Rules of Civil Procedure, the Court DENIES Plaintiff's motion as unnecessary.

IT IS SO ORDERED.

Dated:  **June 28, 2024**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] However, if Plaintiffs have failed to promptly file proofs of service of the summons and complaint so the Court has a record of service and it has been more than twenty-one days since the complaint was served, Plaintiffs must move or stipulate for amendment in accordance with Rule 15.